IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 3:22-cr-00424-AN-1 |
| v. | |
| SHANE RYAN PATRICK DAILEY, | OPINION AND ORDER |
| Defendant. | |

Defendant Shane Ryan Patrick Dailey moves the Court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons set forth below, the motion is DENIED.

## LEGAL STANDARD

A court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The "compassionate release" exception, however, permits a court to modify a term of imprisonment when the following conditions are met: (1) the defendant has fully exhausted all administrative remedies; (2) "extraordinary and compelling reasons warrant" a sentence reduction; (3) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission[;]" and (4) the reduction is warranted after considering the applicable factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). A court must find that a defendant satisfies all requirements before granting a motion for compassionate release and may deny a motion for compassionate release if any requirements are not satisfied. *United States v. Wright*, 46 F.4th 938, 946 (9th Cir. 2022).

**A.   Administrative Exhaustion**

Section 3582(c)(1)(A) requires a defendant to fully exhaust all available administrative remedies before they may seek relief before a court. The administrative exhaustion requirement is met when:

> "(1) the Director of the BOP has filed the motion on the inmate's behalf, or (2) the inmate has requested that the BOP make such a motion and either (a) the inmate has 'fully

1

exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the [inmate]'s behalf,' or (b) 30 days have elapsed since the 'warden of the [inmate]'s facility' received a compassionate-release request from the inmate."

*United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)) (alterations in original).

The exhaustion requirement is a mandatory-claim processing rule, not a jurisdictional bar, and as such, the requirement is waivable. *Id.* at 1282. However, when the administrative exhaustion requirement is properly raised by the government, a court must enforce the requirement. *Id.*

**B.    Extraordinary and Compelling Reasons**

The Federal Sentencing Guidelines (the "Guidelines") provide criteria for determining whether extraordinary and compelling reasons exist justifying compassionate release. In determining whether compassionate release is warranted, this Court must consider the following criteria:

"Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
    (1) Medical Circumstances of the Defendant.--
        (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
        (B) The defendant is--
            (i) suffering from a serious physical or medical condition,
            (ii) suffering from a serious functional or cognitive impairment, or
            (iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
        (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
        (D) The defendant presents the following circumstances--
            (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
            (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing

     outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
     (iii) such risk cannot be adequately mitigated in a timely manner.
(2) Age of the Defendant.--The defendant
  (A) is at least 65 years old;
  (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and
  (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
(3) Family Circumstances of the Defendant.--
  (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
  (B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
  (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
  (D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.
(4) Victim of Abuse.--The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:
  (A) sexual abuse involving a "sexual act," as defined in 18 U.S.C. 2246(2) (including the conduct described in 18 U.S.C. 2246(2)(D) regardless of the age of the victim); or
  (B) physical abuse resulting in "serious bodily injury," as defined in the Commentary to § 1B1.1 (Application Instructions);

that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.

For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.
(5) Other Reasons.--The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).
(6) Unusually Long Sentence.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an

> extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b).

The Guidelines permit a court to consider changes in the law, including amendments to the Guidelines, in determining the extent of a sentence reduction, but a change in the law alone "shall not be considered" in determining whether extraordinary and compelling reasons exist. U.S.S.G. § 1B1.13(c). The Ninth Circuit has held that changes in post-sentencing decisional law, including non-retroactive changes, may be considered when assessing whether extraordinary and compelling circumstances exist. *United States v. Roper*, 72 F.4th 1097, 1103 (9th Cir. 2023); *see also Concepcion v. United States*, 597 U.S. 481, 484 (2022) ("[T]he First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act."). Courts in the Ninth Circuit may also consider non-retroactive changes in sentencing law when assessing whether extraordinary and compelling circumstances exist. *United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022) ("We now . . . conclude that district courts may consider non-retroactive changes in sentencing law, in combination with other factors particular to the individual defendant, when analyzing extraordinary and compelling reasons[.]").

Rehabilitation, by itself, is not an extraordinary and compelling circumstance, but may be considered in combination with other circumstances. U.S.S.G. § 1B1.13(d).

**C.       Applicable Policy Statements Issued by the Sentencing Commission**

In addition to outlining extraordinary and compelling reasons to reduce a sentence, the Guidelines require a court to determine that the defendant is "not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and that the sentence reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(a).

The Ninth Circuit previously held that "the [former] version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant" and as a

4

result, "[t]he Sentencing Commission's statements in [former] U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). The Ninth Circuit's holding in *Aruda* reflected in large part the timing of the policy statement, which predated a defendant's ability to bring a motion under § 3582. On November 1, 2023, however, the Sentencing Commission amended U.S.S.G. § 1B1.13, which now reads: "[u]pon motion of the Director of the Bureau of Prisons *or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A)*" the court may reduce a term of imprisonment if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that ... extraordinary and compelling reasons warrant the reduction," "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," and "the reduction is consistent with this policy statement." (emphasis added). Other courts within the Ninth Circuit, applying the reasoning in *Aruda*, have found this iteration of U.S.S.G. § 1B1.13 to be an "applicable policy statement" for motions filed by a defendant, which as a result, binds district courts' analysis. *See United States v. Brugnara*, No. CR 14-00306 WHA, 2024 WL 332867, at *2 (N.D. Cal. Jan. 28, 2024) (finding U.S.S.G. § 1B1.13 as an applicable policy statement, binding the court's analysis as to a defendant's motion); *United States v. Garcia Nava*, No. 19-CR-2034-GPC, 2024 WL 221439, at * 2 (S.D. Cal. Jan. 19, 2024) (same); *see also United States v. Cunningham*, No. CR-12-60-GF-BMM, 2024 WL 50908, at *2 (D. Mont. Jan. 4, 2024) (same); *United States v. Brown*, No. CR16-0259JLR, 2023 WL 8650290, at *3 (W.D. Wash. Dec. 14, 2023) (same).

However, the Ninth Circuit has not yet spoken on the issue, and cited *Aruda* favorably in a post November 1, 2023 opinion. *See United States v. Holmes*, No. 23-420, 2023 WL 8108461 (9th Cir. Nov. 22, 2023) ("[T]he court properly treated § 1B1.13 as 'persuasive authority.'") (quoting *Aruda*, 993 F.3d at 802, for the proposition that "although § 1B1.13 is not binding, it 'may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant.'").

D.      **18 U.S.C. § 3553(a) Factors**

When deciding a motion for compassionate release, a court "must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to decide whether the requested sentence reduction is warranted

5

'under the particular circumstances of the case.'" *Wright*, 46 F.4th at 945 (internal citation and quotation marks removed). The factors include,

> "among other things: (1) the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable sentence guidelines; and (6) the need to avoid unwarranted sentencing disparities among similarly situated defendants."

*Wright*, 46 F.4th 938 at 945 n.4 (citing 18 U.S.C. § 3553(a)).

## BACKGROUND

On October 23, 2023, this Court sentenced defendant to thirty-seven months imprisonment, followed by four years of supervised release, for Possession with Intent to Distribute Methamphetamine, 21 U.S.C. § 841(a)(1) & (b)(1)(B)(viii). J. & Commitment, ECF [71], at 2-3. Defendant is incarcerated at the Federal Correctional Institution, Sheridan, with a projected release date of July 12, 2025.

On February 28, 2024, defendant filed this motion for compassionate release, asking the Court to reduce his sentence or place him on home confinement so that he can care for his father, who has stage four lung cancer. Def.'s Mot. for Compassionate Release ("Def.'s Mot."), ECF [80], at 1.

## DISCUSSION

### A.  Administrative Exhaustion

The Court finds, and the government concedes, that defendant has satisfied administrative exhaustion. *See* Gov't Resp. to Mot. to Reduce Sent. ("Gov't Resp."), ECF [82], at 3; *see also* Def.'s Mot. 6, Ex. A.

### B.  Extraordinary and Compelling Reasons

Defendant cites his father's cancer diagnosis as an extraordinary and compelling circumstance. Def.'s Mot. 3. Specifically, defendant argues that his "father was diagnosed with lung cancer and [has] no other family member to care for him." *Id.* at 1-2. The government, however, argues that defendant has failed to present evidence that his father's condition requires a caregiver or that defendant is "the only available caregiver." Gov't Resp. 4-5.

On November 22, 2023, defendant filed a Motion for Temporary Release from Custody, ECF [73], to visit his father. In that motion, defendant provided medical records of his father's latest oncology assessment. According to that assessment, defendant's father appeared to be receiving ongoing outpatient treatment. Neither that assessment, nor this motion, indicate whether his father is incapacitated or requires full-time care. Moreover, the record indicates that defendant has multiple siblings, one of whom lives in the same area as his father, and that his father has a romantic partner who cares for him. While the Guidelines recognize "the incapacitation of the defendant's parent when the defendant would be the only available caregiver," U.S.S.G. § 1B1.13(b)(3)(C), as an extraordinary circumstance, defendant must explain and offer proof of such circumstances. The present motion, which contains only unsubstantiated allegations of defendant's father's need for a caregiver, and the medical records previously submitted, which show that defendant's father receives outpatient care, fail to offer such proof.

For these reasons, the Court concludes that defendant failed to meet his burden to show extraordinary and compelling reasons for his release.

**C.     Applicable Policy Statements Issued by the Sentencing Commission**

The outcome of the present motion is the same whether the Court adheres to the Sentencing Commission's newly amended policy statement or avails itself of the broad discretion afforded by *Aruda*, because defendant seeks release based on an extraordinary and compelling reason enumerated in U.S.S.G. § 1B1.13.

**D.     18 U.S.C. § 3553(a) Factors**

In exercising discretion under the statute, a sentencing court is required to consider the sentencing factors set out in 18 U.S.C. § 3553(a). Thus, an eligible defendant may be denied based on, *inter alia*, his criminal history and seriousness of his crime(s). The nature and circumstances of defendant's underlying crime are undeniably serious: he was convicted of Possession with Intent to Distribute Methamphetamine, which involved felony possession of a firearm. Further, defendant has a significant

7

criminal history[1] and a history of violations while on supervised release.[2]  Gov't Resp. 6-7.  Given the seriousness of the underlying offense and defendant's lengthy criminal history, the Court finds that the relevant § 3553(a) factors weigh against granting compassionate release.

## CONCLUSION

For the foregoing reasons, defendant's Motion for Compassionate Release, ECF [80], is DENIED.

IT IS SO ORDERED.

DATED this 6th day of June, 2024.

*Adrienne Nelson*
Adrienne Nelson
United States District Judge

---

[1] Defendant has prior convictions, spanning from 1993 to 2021, of Criminal Mischief, Assault, Resisting Arrest, Unauthorized Use of a Vehicle, Unlawful Possession of a Firearm, Theft, Driving while Revoked, Conspiracy to Commit Robbery, Robbery, Attempted Assault with a Firearm, Burglary, Manufacturing Marijuana, Fleeing or Attempting to Elude a Police Officer, Delivery of Heroin, and Delivery of Methamphetamine.  Gov't Resp. 6.

[2] Defendant has had several instances of revocation of probation or supervised release.  Namely, defendant had his probation revoked in both May and July of 2000, 2009, and 2010.  Gov't Resp. 6-7.  Notably, defendant was still on supervised release from his 2021 conviction at the time of the offense in this case.  *Id.* at 7.